Filing # 120141918 E-Filed 01/25/2021 10:08:41 AM

IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION

ALEXANDER NUNEZ,

    Plaintiff,

v.   Case No.:

HEALTHCARE REVENUE RECOVERY
GROUP, LLC

    Defendant.

_____/

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, ALEXANDER NUNEZ, ("Plaintiff" hereinafter) an individual consumer against the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC (HRRG) ("Defendant" hereinafter), for violations of the Florida Consumer Collection Practices Act, §559.72, et seq., Fla. St., ("FCCPA" hereinafter), and violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, (hereinafter referred to as the "TCPA").

2. This is a complaint for damages which are greater than $2,500.00 but which do not exceed $5,000.00 exclusive of costs, interest, and attorney's fees.

3. At all times material herein, Plaintiff is a natural person residing in Lakeland Florida.

4. At all times material herein, Defendant is a corporation registered in the State of Florida as a Florida Profit Corporation and was doing business as a medical provider in the State of Florida and the transaction(s) which led to the alleged debt as described herein occurred in County, Florida.

5. Venue in this county is proper as the conduct complained of occurred in Polk County, Florida and is in compliance with §559.77(1), Fla. St.

6. This Court has subject matter jurisdiction over the allegations herein pursuant to §34.01(1)(c), Fla. St.

7. At all times material herein, Defendant was acting as a collector of an alleged consumer debt with respect to Plaintiff, a resident of the State of Florida. On information and belief Defendant regularly acts as a collector of consumer debts in the State of Florida with regards to medical treatment and/or services it provides to individual consumers.

## FACTUAL ALLEGATIONS

8. Plaintiff suffered injuries in an industrial accident arising out of and in the course and scope of Plaintiff's employment with Paradise Fruit in the State of Florida and which occurred on or about March 13, 2019.

9. Plaintiff received workers' compensation benefits pursuant to Chapter 440, Fla. St., including but not limited to medical care and treatment for Plaintiff's work-related injuries. See §440.13, Fla. St.

10. The identified workers' compensation insurance carrier covering Plaintiff's work-related accident is CCMSI (hereinafter referred to as "Carrier").

11. Plaintiff received emergency medical treatment at Florida Baptist Hospital on May 31, 2019 for compensable work-related injuries caused by Plaintiff's date of accident ("the Treatment" or "Treatment" hereinafter).

12. While at Florida Baptist Hospital Plaintiff was treated by Paragon Contracting Services, a provider within the hospital for his same compensable work-related injuries.

13. When Plaintiff presented to Florida Baptist Hospital ("Hospital" Hereinafter) for emergency medical treatment, he informed the facility during the admissions process that the injuries Plaintiff was seeking treatment for were caused by a work-related accident. Additionally, Plaintiff explained how the accident happened at work and that a tank rolled over his arm.

14. It is the usual custom and practice that hospitals and other facilities that provide emergency medical treatment contract with outside companies, such as Defendant, that provide specific services in those facilities, such as emergency room physicians, radiologist physicians, and so on. It is also the usual custom and practice that any such company would have official privileges with the treating facility which provides them access to the medical histories for the patients that they provide treatment to while at the facility. Defendant necessarily obtained information from (either through Defendant independently accessing Plaintiff's medical history, or through the facility communicating said information to Defendant directly) relating to Plaintiff, and on information and belief such information included the fact that Plaintiff had presented to the facility for injuries caused by a work-related accident.

15. Plaintiff has reason to believe that on or around November 5, 2019 Plaintiff received a bill from Defendant demanding that Plaintiff pay $943.00 for services rendered by Paragon Contracting Services on May 31, 2019.

16. Plaintiff has reason to believe that Defendant sent him several other billing statements demanding that Plaintiff pay $943.00 for services rendered by paragon contracting services on May 31, 2019.

17. It is undisputed that the Hospital had actual knowledge that Plaintiff was an injured worker thus financially insulated from payment of treatment based on the Plaintiff medical records that

must have shown that his treatment was work-related or else the Carrier would not have reimbursed the hospital.

18. The Carrier has reimbursed the Hospital for their services rendered to Plaintiff on May 31, 2019, and the Carrier would not have reimbursed Defendant without any indication that his treatment was related to his workers compensation case.

19. The fact that the Carrier has already reimbursed the Hospital for the debt proves that the debt Defendant demanded Plaintiff pay was not his responsibility. A copy of the email from the adjuster for the Plaintiff's workers compensation case proves the same which is attached to this complaint as **Exhibit "A."**

20. Plaintiff has reason to believe that Defendant does not have any policies or procedures or did not follow any policies or procedures that would prevent them from billing injured workers.

21. Plaintiff has reason to believe that Defendant accepted the debt from the Hospital without conducting any reasonable investigation in determining if Plaintiff actually owed this debt, and billed Plaintiff for the $943.00 before conducting any investigation.

22. Plaintiff is not responsible for payment of any treatment related to his workers compensation case pursuant to workers comp law which states in part, "A health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter." See §440.13(13)(a), Fla. Stat.

23. The debts that Defendants tried to collect from Plaintiff are automatically deemed illegitimate debts pursuant to workers comp law. Davis v. Sheridan Healthcare, Inc., 2D17-1790, 2019 WL 5198669 (Fla. 2d Dist. App. Oct. 16, 2019).

24. Plaintiff is under information and belief that the amount sought to be collected by Defendant from Plaintiff is excessive in violation of the workers' compensation statutory fee schedule, as provided by the Florida Workers' Compensation Health Care Provider Reimbursement Manual, 2016 Edition.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

25. Plaintiff re-alleges each of the allegations above as if set forth fully herein.

26. The acts and omissions of Defendant and its employees and agents as outlined herein constitute a violation of the FCCPA with respect to Plaintiff. These actions by Defendant's employees and agents were done in service to Defendant and these employees and agents were at all times supervised and under the apparent control of Defendant. As such, Defendant is vicariously liable under the Doctrine of Respondeat Superior for the actions of its employees and agents.

27. The FCCPA has three elements that need to be met in order for there to be a violation; the debt must be illegitimate, there must be a threat or attempt to enforce that debt, and there must be knowledge that the debt is illegitimate. Fla. Ann. Stat. § 559.72(9). *Davis v. Sheridan Healthcare, Inc., 2D17-1790, 2019 WL 5198669 (Fla. 2d Dist. App. Oct. 16, 2019).*

28. Pursuant to §440.13(13)(a) the debt that Defendant attempted to collect from Plaintiff was illegitimate.

29. Defendant tried to enforce the illegitimate debt against Plaintiff by sending billing statements to Plaintiff's home demanding payment.

30. Defendant had actual knowledge that the debts they were trying to enforce against Plaintiff were illegitimate pursuant to workers comp law.

31. Given all three elements have been clearly met, Defendant violated Fla. Ann. Stat. §559.72(9).

32. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for statutory damages, reasonable attorney's fees, and costs.

## COUNT II
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

33. Plaintiff incorporates the above paragraphs as if fully re-stated herein.

34. The acts and omissions of Defendant and its employees and agents as outlined herein constitute a violation of the TCPA with respect to Plaintiff. These actions by Defendant's employees and agents were done in service to Defendant and these employees and agents were at all times supervised and under the apparent control of Defendant. As such, Defendant is vicariously liable under the Doctrine of Respondeat Superior for the actions of its employees and agents.

35. The Plaintiff has reason to believe that Defendant and its employees and agents violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), by making multiple phone calls to Plaintiff's cellular phone, when Defendant did not have Plaintiff's consent as the Plaintiff revoked any such consent the first time he received a calls yet received numerous calls thereafter. Plaintiff has reason to believe that the phone calls made to him were by both an agent of Defendant, and an automated dialer. Plaintiff has reason to believe that all calls made by Defendant were made with the intention of collecting payment for services rendered on May 31, 2019.

36. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff for injunctive and declaratory relief, damages, and the costs of this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Statutory damages of $1,000 pursuant to §559.77, Florida Statutes;

B. Statutory damages of either $500 per call for unintentional or $1,500 per call for intentional violations of the TCPA by Defendant pursuant to 47 U.S.C. §227

C. Costs and reasonable attorney's fees from Defendants pursuant to §559.77, Florida Statutes and 15 U.S.C §1692k(a)(3), 47 U.S.C. §227

D. For such other and further relief as may be just and proper.

Respectfully submitted this 25th day of January, 2021.

/s/ Jason R. Kobal
JASON R. KOBAL, ESQ.
KOBAL LAW, P.A.
12169 W. Linebaugh Ave.
Tampa, FL 33626
813-873-2440
koballaw@yahoo.com
Florida Bar No.: 0542253
Attorney for Plaintiff

1/25/2021                           Yahoo Mail - RE: [EXTERNAL] Nunez, Alexander OJCC Case No.: 20-000968RAA

### RE: [EXTERNAL] Nunez, Alexander OJCC Case No.: 20-000968RAA

From:  Corrin Horner (chorner@ccmsi.com)
To:    koballaw@yahoo.com
Cc:    kmandigo@ccmsi.com
Date:  Thursday, May 21, 2020, 04:53 PM EDT

Good afternoon Mr. Kobal,

Florida Baptist was paid from our company for DOS 5/31/19. We are unable to send you the medical records. The adjuster is Kristi Mandigo.

Thank you.

**Corrin Horner**

**Claim Supervisor | Workers' Compensation**

PO Box 948399
Maitland, FL 32794

**Phone:** 407.660.5641

**Fax:** 217.477.6946

**Email:** CHorner@ccmsi.com

www.ccmsi.com


Exhibit "A"

---

**From:** Jason Kobal <koballaw@yahoo.com>
**Sent:** Tuesday, May 12, 2020 10:32 AM
**To:** Chrissy Marshall <cmarshall@ccmsi.com>
**Subject:** [EXTERNAL] Nunez, Alexander OJCC Case No.: 20-000968RAA

Dear Ms Stroup,

1/2

2021SC-000466-0000-LK        Received in Polk 01/25/2021 11:19 AM