UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER NUNEZ,

        CASE NO.: 8:21–cv–00366-TPB-CPT

    Plaintiff,

v.

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

    Defendant.

_____/

## DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, Healthcare Revenue Recovery Group ("Defendant" or "HRRG"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint, and states the following:

### JURISDICTION AND VENUE

1. Admitted for purposes of claims identification only; otherwise denied. Defendant demands strict proof thereof.

2. Admitted for purposes of personal jurisdiction and venue only; otherwise denied.

3. Admitted for purposes of venue only; otherwise denied.

4. Admitted for purposes of subject jurisdiction and venue only; otherwise denied.

## **GENERAL ALLEGATIONS**

5. Admitted for purposes of venue only; otherwise denied.

6. Unknown at this time; therefore, denied.

7. Admitted for purposes of personal jurisdiction and venue only; otherwise denied.

## **FACTUAL ALLEGATIONS**

8. Unknown at this time; therefore, denied.

9. Unknown at this time; therefore, denied.

10. Unknown at this time; therefore, denied.

11. Unknown at this time; therefore, denied.

12. Unknown at this time; therefore, denied.

13. Unknown at this time; therefore, denied.

14. Unknown at this time; therefore, denied.

15. Unknown at this time; therefore, denied.

16. Unknown at this time; therefore, denied.

17. Unknown at this time; therefore, denied.

18. Unknown at this time; therefore, denied.

19. Unknown at this time; therefore, denied.

20. Denied. Defendant demands strict proof thereof.

21. Denied. Defendant demands strict proof thereof.

22. Unknown at this time; therefore, denied.

23. Unknown at this time; therefore, denied.

24. Denied. Defendant demands strict proof thereof.

## COUNT I: FCCPA

25. Defendant HRRG incorporates its responses to Paragraphs 1 through 24 above, as if stated in full herein.

26. Unknown at this time; therefore, denied.

27. The provisions of Florida's Consumer Collection Practices Act ("FCCPA"), particularly, Section 559.72(9) *Fla. Stat.* and Defendant HRRG asserts that it had not actual knowledge of any illegitimacy of the either the right to collect or of the debt itself, otherwise denied.

28. Unknown at this time; therefore, denied.

29. Denied. Defendant demands strict proof thereof.

30. Denied. Defendant demands strict proof thereof.

31. Denied. Defendant demands strict proof thereof.

32. Denied. Defendant demands strict proof thereof.

## COUNT II: TCPA

33. Defendant HRRG incorporates its responses to Paragraphs 1 through 32 above, as if stated in full herein.

34. Unknown at this time; therefore, denied.

35. The provisions of Telephone Consumer Protection Act ("TCPA"), particularly, Section 227(b)(1(A)(iii) are self-evident and Defendant HRRG asserts that it has various defenses to the allegations under the statute, otherwise denied.

36. Denied as to HRRG. Defendant demands strict proof thereof.

## TRIAL BY JURY

Defendant requests trial by jury for any issues not resolved by dispositive motion or otherwise dismissed by this Court.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant HRRG affirmatively alleges that the alleged actions of Defendant HRRG and its agents and employees are protected by the "*bona fide* error" defense pursuant to Florida's Consumer Collection Practices Act, ("FCCPA"), Section 559.72(9) Fla. Stat. since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

**Second Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

**Third Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

**Fourth Affirmative Defense**

Even assuming arguendo that HRRG violated the TCPA, as alleged in the Complaint, which presupposition HRRG denies, such violation was not intentional.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed four (4) years from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under the Telephone Consumer Protection Act ("TCPA").

**Sixth Affirmative Defense**

Defendant affirmatively alleges that the telephone equipment utilized by the Defendant is **not** an "Automatic Telephone Dialing System" as defined

by the TCPA in accordance with the holding of *Glasser v. Hilton Grand Vacation Co., LLC*, 948 F. 3d 1301, 1312–1313 (11th Cir. 2020).

**Seventh Affirmative Defense**

Defendant affirmatively alleges that HRRG had prior express consent to contact the Plaintiff as defined in the purported TCPA class.

**Eighth Affirmative Defense**

Defendant HRRG asserts that the U.S. Supreme Court's fractured decision in *Barr v. Am. Ass'n of Political Consultants (AAPC)*, 140 S. Ct. 2335, 207 L. Ed. 2d 784 (2020) amounts to an adjudication that the entirety of § 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in *AAPC* on July, 6, 2020, therefore Plaintiff's allegations of alleged violations of an unconstitutional law are not enforceable in federal court. *Id.*

**Ninth Affirmative Defense**

Defendant affirmatively alleges that HRRG did not have the requisite actual knowledge to support a claim under Section 559.7(9) *Fla. Stat.*

**WHEREFORE,** Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC., requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this **22nd day of February, 2021.**

        Respectfully submitted,

        */s/ Ernest H. Kohlmyer, III*
        Ernest H. Kohlmyer, III
        *SKohlmyer@Shepardfirm.com*
        Florida Bar No.: 0101108
        Leia V. Leitner
        *lleitner@shepardfirm.com*
        Florida Bar No.: 0105621
        2300 Maitland Center Parkway, Suite 100
        Maitland, Florida 33751
        Telephone: (407) 622-1772
        Facsimile (407) 622-1884
        *Attorneys for Defendant, HRRG*

## **CERTIFICATE OF SERVICE**

I HEREBY that a copy of the foregoing has been electronically filed on **February 22, 2021**, via the CMECF System and that a copy was furnished by electronic transmission to Plaintiff's counsel and all other counsel of record:

    Jason R. Kobal, Esquire
    Kobal Law, P.A.
    12169 W. Linebaugh Avenue
    Tampa, Florida 33626
    Email: *koballaw@yahoo.com*

        */s/ Ernest H. Kohlmyer, III*
        Ernest H. Kohlmyer, III