UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXANDER NUNEZ,

      Plaintiff,

v.                                        Case No. 8:21-cv-366-TPB-CPT

HEALTHCARE REVENUE
RECOVERY GROUP, LLC,

      Defendant.
_____/

## FAST-TRACK SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16, the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case, which was brought under the Telephone Consumer Protection Act, the Fair Debt Collection Practices Act, the Junk Fax Prevention Act, and/or state law consumer protection statutes. Therefore, consistent with the just, speedy and inexpensive administration of justice, Fed. R. Civ. P. 1, it is:

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.02 concerning the initial disclosures and filing of a Case Management Report are hereby waived in this case. Instead, the parties shall comply with the following schedule:

1. No later than **APRIL 18, 2021**, the parties shall serve upon each other but not file with the Court copies of the following:

**A.      Plaintiff[1]**

All documents in Plaintiff's possession, custody, or control that relate to the telephone calls, letters, or other debt collection activities in question. This includes, but is not limited to:

(1)     Telephone records, call logs, voice recordings, and account notations pertaining to any telephone calls Plaintiff contends were made by Defendant;

(2)     Documents and/or other relevant evidence demonstrating that Plaintiff was in possession of the operative telephone at the time of the telephone calls in question;

(3)     Documents and/or other relevant evidence showing that (a) Plaintiff did not provide Defendant with consent to make the telephone calls in question and/or (b) documentation that Plaintiff revoked consent prior to Defendant making the telephone calls;

(4)     Any and all documents and/or other relevant evidence pertaining to Plaintiff's prior complaints to Defendant regarding Defendant making the unwanted telephone calls in question; and

---

[1] If there is more than one plaintiff or defendant, the singular reference to plaintiff or defendant shall include the plural.

(5) All written correspondence, including court documents, pertaining to Defendant's alleged debt collection efforts.

Upon furnishing the information to Defendant, Plaintiff shall file a Certificate of Compliance with the Court.

**B.   Defendant**

All documents in Defendant's possession, custody, or control that relate to the telephone calls letters, or other debt collection activities in question. This includes, but is not limited to:

(1) Telephone records, call logs, and voice recordings pertaining to the telephone calls Plaintiff contends were made by Defendant, which includes any and all notations made by Defendant's representative or employee during the telephone call;

(2) Documentation that Plaintiff consented to Defendant making the telephone calls in question;

(3) Any and all documents and/or other relevant evidence pertaining to Plaintiff's prior complaints to Defendant regarding Defendant making the unwanted telephone calls in question; and

(4) All written correspondence, including court documents, pertaining to Defendant's alleged debt collection efforts.

Upon furnishing the information to Plaintiff, Defendant shall file a Certificate of Compliance with the Court.

2. Until further order of this Court, all discovery is **STAYED**, except as necessary to obtain and provide the information set forth in Paragraph 1. The Court permits counsel to serve subpoenas on telecommunications entities so that accurate information may be gathered in this case. If the parties elect to serve subpoenas for telephone records in this case, they should do so as early as practicable and should work together to facilitate the process. Although the filing of discovery is prohibited by the Local Rules, in the instance that a subpoena is issued to a telecommunications entity, that subpoena must be filed with the Court so that the Court may monitor the facilitation of information in this case. The parties are also directed to notify the Court when the information requested in the subpoena is furnished.

3. On or before **MAY 8, 2021,** Plaintiff is directed to file Answers to the Court's Interrogatories. Thereafter, by **MAY 23, 2021**, Defendant is directed to file Answers to the Court's Interrogatories. Those Interrogatories are attached to this Order.

4. This action is referred to mediation and shall be conducted as outlined in this Order and Chapter Four of the Local Rules. This action is hereby referred to Gregory P. Holder, Esq., for mediation.

5. Scheduling Mediation: The parties must mediate no later than **JUNE 2, 2021**. However, **the parties are not permitted to mediate until**

**the information exchange outlined in this Order**, including answers to interrogatories, **has been completed**.

6. Rescheduling Mediation: If the mediation date is approaching, and the parties realize they will not be able to complete the document exchange and interrogatory answers called for herein, the parties are directed to file a motion to reschedule the mediation. In any event, **once the mediation has been scheduled, the parties may not unilaterally reschedule the mediation conference—a motion must be filed, and leave of Court obtained, if they seek to reschedule the mediation**. In the motion to reschedule, counsel must include the proposed date of rescheduling; the Court reserves the right to deny any motion that seeks to reschedule the mediation conference for a date beyond the deadline set in Paragraph 5. If the Court authorizes the parties to reschedule the mediation conference, the parties may still be required to pay the mediator's cancellation fee. Thus, the parties are strongly encouraged to promptly exchange documents and answer interrogatories, as required herein, and to diligently adhere to all deadlines to avoid unnecessary expense.

7. Cancelling Mediation: **Once the mediation conference is set, neither party may cancel the mediation without first obtaining leave of Court**, even if the parties have reached a settlement.

8. Designation and Responsibility of Lead Counsel: **Jason Kobal, Esq.,** is designated as Lead Counsel and must consult both the mediator and other counsel to coordinate the day and time of the mediation. By **MARCH 18, 2021**, Lead Counsel must file a notice of mediation that states the agreed day and time of mediation. When the notice is filed, the agreed day for the mediation replaces the deadline in Paragraph (c). Extension of the mediation deadline requires a Court order and is increasingly disfavored as the mediation deadline approaches. Before moving for an extension of the mediation deadline, the movant must consult both the mediator and opposing counsel to determine an agreed day and time for the rescheduled mediation. Under Local Rule 3.01(g), a motion for an extension of the mediation deadline must certify that the movant has conferred with opposing counsel and must state whether counsel agrees to the resolution of the motion.

9. General Rules Governing the Mediation: Although mediation is governed by Chapter Four of the Local Rules, the following additional requirements apply:

>   (a) Case Summary: At least five business days before the scheduled mediation, each party must email directly to the mediator and to opposing counsel a brief written summary of the facts and issues of the action. The mediator and the parties must

treat each summary as a confidential communication and must not disclose the summary or the summary's content.

(b) Authority of the Mediator: The mediator may confer privately with any counsel, an individual party, a corporate or municipal representative, or a claims professional for any proper purpose in the mediator's discretion. The mediation must continue until adjourned by the mediator. No participant may compel the early conclusion of a mediation because of travel or another engagement. Only the mediator may declare an impasse or end the mediation. To coordinate the mediation, the mediator may set an abbreviated scheduling conference before the mediation.

(c) Attendance: The Court directs that all counsel, parties, corporate representatives, and any other required claims professionals shall be present at the mediation conference with full authority to negotiate a settlement. **Absent exigent circumstances and leave of Court, lead counsel must appear at the mediation conference; failure to comply will result in the imposition of sanctions.** The Court does not allow mediation by telephone or video conference. Personal attendance is required. See Local Rule 4.03(d).

(d) For cases in which statutory attorneys' fees may be claimed, counsel should be prepared to discuss reasonable attorneys' fees and should have that information in hand at the mediation conference.

10. Compensation of the Mediator: The parties must compensate the mediator at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, the parties must bear equally and pay immediately after the mediation. The parties must comply with the reasonable cancellation policy established by the Mediator, which states:

> When a case is cancelled or rescheduled with less than fourteen (14) days' notice, [the Mediator] will bill all sides equally for the Minimum Charge for the time reserved unless the parties have agreed otherwise. Time of notice is computed as under Rule 6, Fed. R. Civ. P. [The Mediator does] not waive cancellation/rescheduling charges unless [the Mediator is] able to book another case in the reserved time slot. Cancellation or rescheduling should be confirmed in writing (email or fax is sufficient) to all parties. Please inform [the Mediator] immediately of any motion which may result in the re-scheduling of the mediation, or of any negotiation which might make the mediation unnecessary.

11. Results of Mediation: Lead Counsel must file a notice informing the Court of the results of the mediation conference within twenty-four hours from the conclusion of the mediation conference.

12. Case Management Report and Additional Information: In the event mediation does not result in settlement of this action, the parties must conduct a case management meeting immediately after the mediation

conference, during which the parties shall jointly prepare the attached fast-track case management report. The parties shall file the completed fast-track case management report within twenty-four hours of the conclusion of the mediation conference. In addition, the parties shall file a separate notice also within twenty-four hours of the conclusion of the mediation conference informing the Court of the legal issues they believe will need to be resolved at the summary judgment stage and/or the factual matters they believe will be at issue during trial.

13. After review of the parties' fast-track case management report, the Court will determine if a Case Management Hearing is required. If a Case Management Hearing is required, the Court will conduct such hearing approximately one week after the parties' mediation conference. The Court will enter a notice indicating the date and time of the hearing. Counsel are advised that this case will be set for trial **approximately 90-120 days after the mediation conference**. At the Case Management Hearing, this Court will address any scheduling conflicts the parties may have.

14. Absent compelling circumstances and leave of Court, lead counsel must appear in person at the Case Management Hearing. Lead Counsel must be prepared to discuss the claims and defenses as well as any unique aspects of the case with the Court. This hearing is an investment of the Court's time and presents an opportunity for counsel to meet the judge presiding over their

case, as well as present any issues that should be called to the Court's attention.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida on this 2nd day of March, 2021.

*[signature]*

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**

Attachments:
Court's Interrogatories
Magistrate Judge Consent Form
CMR form for Fast-Track Cases

# COURT'S INTERROGATORIES TO PLAINTIFF

(1) What kind of communications are at issue in this case? Telephone calls placed to a land line, or to a cellular phone? Letters mailed to a residence? Facsimile transmissions? Please be as specific as possible.

(2) How many calls, letters, or other communications are at issue? For instance, if you allege telephone calls were placed in violation of the TCPA, how many calls were placed?

(3) When did the communications at issue take place?

(4) If telephone calls are at issue, do you allege that Defendant used an automatic dialer?

(5) If telephone calls are at issue, do you allege that Defendant utilized a live person or a recorded voice to transmit the relevant information?

(6) If telephone calls are at issue, do you allege that the calls were placed to a telephone that is registered in your name? If not, to whom is the account registered?

(7) Do you have a prior business relationship with Defendant?

(8) Did you sign any document in which you consented to be contacted by Defendant?

(9) Do you intend to pursue a class action?

_____
(Plaintiff's Signature)

STATE OF FLORIDA
COUNTY OF _____

    BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, and \_\_\_\_ who is personally known to me or \_\_\_\_ who produced _____ as identification, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

    SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 20\_\_\_.

NOTARY PUBLIC

_____
Signature of Person
Taking Acknowledgment

Notary Stamp          Print Name:
                                  Title: Notary Public
                                  Serial No. (if any):
                                  Commission Expires:

# COURT'S INTERROGATORIES TO DEFENDANT

(1) How many telephone calls, letters or other mailings, or facsimiles do your records show as being made or sent during the time period alleged by Plaintiff?

(2) If telephone calls are at issue, were the calls made by an automatic dialer?

(3) If telephone calls are at issue, was a prerecorded voice used?

(4) Did you ever receive documented prior consent to contact Plaintiff?

(5) Did you ever receive documented revocation of a consent to contact Plaintiff?

(6) Before the Complaint was filed, were you ever placed on notice that Plaintiff had retained counsel with respect to the debt alleged to be at issue in the Complaint?

(7) What is your capacity with respect to the debt alleged to be at issue in the Complaint? For example, are you the owner of a note, a servicer, or both?

_____
(Defendant's Signature)

STATE OF FLORIDA
COUNTY OF _____

    BEFORE ME, the undersigned authority, on this day, personally appeared _____, who being first duly sworn, and ____ who is personally known to me or ____ who produced _____ as identification, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

    SWORN TO AND SUBSCRIBED before me on this _____ day of_____, 20___.

    NOTARY PUBLIC

    _____
    Signature of Person
    Taking Acknowledgment

Notary Stamp              Print Name:
                             Title: Notary Public
                             Serial No. (if any):
                             Commission Expires:

AO 85 (Rev. locally 5/99) Notice, Consent, and Order of Reference B Exercise of Jurisdiction by a United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**Middle District of Florida**

_____,

Plaintiff(s)

**v.**  Case Number: _____

_____,

Defendant(s)

**NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION**

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, you are hereby notified that a United States Magistrate Judge of this District Court is available to conduct any or all proceedings in this case, including a jury or bench trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is, however, permitted only if all parties voluntarily consent, **as evidenced by execution of the Consent portion hereof, all together on this form**, to the exercise of jurisdiction by a United States Magistrate Judge.

You may, without adverse substantive consequences, withhold your consent; but this will prevent the Court's jurisdiction from being exercised by a Magistrate Judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any Magistrate Judge or to the District Judge to whom the case has been assigned.

Appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for the Eleventh Circuit, in the same manner as an appeal from any other judgment of this District Court.

**CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case hereby voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial; order the entry of a final judgment; and conduct all post-judgment proceedings, as necessary.

| Signatures | Parties Represented | Date Signed |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

**ORDER OF REFERENCE**

**IT IS HEREBY ORDERED that this case be referred to Honorable, _____, United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and the foregoing consent of the parties.**

_____  _____
**Date**  **THOMAS P. BARBER, United States District Judge**

**NOTE: RETURN THIS FORM TO CLERK OF COURT ONLY IF ALL PARTIES HAVE SIGNED ON THIS FORM CONSENTING TO EXERCISE OF JURISDICTION BY A MAGISTRATE JUDGE.**

**United States District Court
Middle District of Florida
Tampa Division**

_____,
Plaintiff(s),

v. Case No. _____

_____,
Defendant(s).
_____/

**CASE MANAGEMENT REPORT**

**TO BE USED FOR THE FOLLOWING CASES:
FAIR LABOR STANDARDS ACT (FLSA);
TITLE III AMERICANS WITH DISABILITIES ACT (ADA);
FAIR DEBT COLLECTION PRACTICES ACT (FDCPA);
TELEPHONE CONSUMER PROTECTION ACT (TCPA);
FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA);
REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA); AND
FAIR CREDIT REPORTING ACT (FCRA).**

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.02(d):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Certificate of Interested Persons and Corporate Disclosure Statement** | |
| **Mandatory Initial Disclosures** | |
| **Discovery Deadline** | |
| **Dispositive Motions** | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** | |
| **Joint Final Pretrial Statement**<br>[Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, & Exhibit Lists with Objections on Approved Form (to be e-mailed in Word format to chambers_flmd_barber@flmd.uscourts.gov)] | |
| **Final Pretrial Conference**<br>[The Court will set a date] | |
| **Trial Term Begins**<br>[Trial term must be 5 weeks after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties]<br>**[90-120 days after mediation conference]** | |
| **Estimated Length of Trial**<br>[Number of trial days] | |
| **Jury / Non-Jury** | |